### J. H. & J. T. PACE v. J. M. RADFORD GROCERY CO.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 21, 1912.)

1. CHATTEL MORTGAGES (§ 157*)—PRIORITIES.

On the issue of the priority between a purchase-money chattel mortgage and a mortgage by the buyer to a third person for money for the cash payment demanded by the seller, it appeared that the third person's mortgage was first filed for record, and the seller testified that he did not know that the buyer would give a mortgage to obtain the money, and that the sale was not to take effect until the cash and notes and securities were in his possession. Evidence that the buyer, while negotiating with the seller, informed him that he would borrow the amount of the cash payment from the third person, and would execute a chattel mortgage on the property, and that the seller did not object, and that personal security was demanded of the mortgagor by the seller and furnished, was admissible to support the defense that the seller, with knowledge that the buyer would borrow the money from the third person and secure the same by a mortgage acquiesced therein.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 157.*]

2. CHATTEL MORTGAGES (§ 138*)—PRIORITIES.

Where a seller agreed with the buyer that the latter might borrow from a third person the money to make the cash payment and secure the same by a chattel mortgage on the property, it was inequitable to hold that the purchase-money mortgage, filed for record after the mortgage to the third person, was superior thereto.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 228–236; Dec. Dig. § 138.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by the J. M. Radford Grocery Company against L. C. Davis and others, in which defendants J. H. & J. T. Pace, by plea of intervention, sought judgment against defendant Davis. From a judgment for plaintiff and in favor of J. H. & J. T. Pace against defendant Davis, but adjudging plaintiff's mortgage prior to the mortgage of J. H. & J. T. Pace, they appeal. Reversed and remanded for new trial.

Glasgow & Kenan, of Seymour, Cunningham & Oliver, of Abilene, and Theo. Mack, of Ft. Worth, for appellants. Kirby & Davidson, of Abilene, for appellee.

DUNKLIN, J. J. M. Radford Grocery Company instituted this suit against L. C. Davis and Nat G. Mitchell, J. H. Pace, and J. T. Pace to recover of Davis and Mitchell the amount due on two promissory notes executed by them in favor of plaintiff, and to foreclose a chattel mortgage against all defendants; said mortgage having been executed by Davis on certain fixtures used for merchandising purposes.

Mitchell pleaded that he was a surety only upon the note, and prayed that his rights as such surety be protected in any judgment rendered.

J. H. & J. T. Pace, by plea of intervention, sought judgment against Davis on a promissory note in their favor and for a foreclosure of a chattel mortgage executed by Davis to secure the note on the same property as that described in the mortgage in plaintiff's favor, and alleged that their mortgage was superior to plaintiff's mortgage.

Upon a peremptory instruction by the court, the jury returned a verdict in favor of plaintiff against Davis, as principal, and Mitchell, as surety, for the amount due on its notes, and for a foreclosure of the mortgage given to secure the same as against all defendants, and judgment was rendered accordingly. Judgment was also rendered against Davis in favor of J. H. & J. T. Pace for their debt and for a foreclosure of their mortgage, but subject to the foreclosure in plaintiff's favor. The Paces have appealed.

[1, 2] The notes and mortgages alleged in the pleadings of the parties were all established by the evidence. The facts established, relative to the execution of the two mortgages, were substantially as follows: Plaintiff owned the property covered by the mortgages, and desired to sell it. The property was located in a store in the town of Seymour. C. W. Gill, plaintiff's agent, went to Seymour, for the purpose of making a sale, and en-

tered into negotiations with defendant Davis. These negotiations lasted nearly an entire day, but finally resulted in the sale of the property to Davis. By the terms of the agreement for the sale, Davis was to pay $200 in cash and to execute two notes for $250 each, which he afterwards did. Davis did not have the amount of cash required to close the trade and borrowed it from J. H. & J. T. Pace, giving to them a chattel mortgage on the property to secure the same, being the same mortgage alleged in their pleadings. This mortgage was immediately filed for record. The money thus borrowed was paid over to Gill, and the sale was then consummated. At the time of its consummation, the two notes and the mortgage alleged in plaintiff's petition were executed and delivered to Gill, who filed the mortgage at 9:30 o'clock on the following morning; the mortgage in favor of the Paces having been filed at 5 o'clock on the previous afternoon. Gill testified that he knew the cash required to consummate the trade was borrowed from the Paces, but that he did not know that Davis expected to give a mortgage upon the property to secure the payment of the same. He further testified that it was understood between himself and Davis during the entire negotiations that no title to the property would pass to Davis until the cash consideration was paid and the notes and mortgage to secure the same were delivered to him (Gill). In other words, that the trade was not to take effect until the cash, notes, and securities were all in Gill's possession. Davis testified that during the negotiations with Gill for the purchase of the property he informed Gill that he would borrow the $200 necessary to make the trade from J. H. & J. T. Pace, and would execute a chattel mortgage to secure the same in their favor upon the property he was purchasing, and that Gill never objected to the mortgage. This testimony, together with the further fact that personal security was also demanded of Davis and furnished by him, was pertinent to the defense pleaded that Gill, with full knowledge that Davis was to borrow the $200 from the Paces, and was to secure the same by a mortgage in favor of the Paces, agreed to and acquiesced in the giving of said mortgage. By reason of this plea and the evidence of Davis in support thereof, we think the court erred in giving the peremptory instruction in plaintiff's favor as against the defendants J. T. & J. H. Pace. If Gill agreed with Davis that the latter might borrow the $200 from J. T. & J. H. Pace, and might secure the same by a chattel mortgage upon the property, it certainly would be inequitable to hold that plaintiff's mortgage was superior to the mortgage so executed in favor of the Paces; and this being a disputed issue it should have been submitted for the jury's determination. This conclusion requires a reversal of the

judgment, and it will be unnecessary to discuss numerous other questions presented in appellant's brief, as the evidence upon another trial may render a decision of these questions unnecessary.

Judgment reversed and cause remanded for another trial.